THE YABUCOA SUGAR COMPANY, peticionaria, *v.* CORTE DE DISTRITO DE HUMACAO, HON. GABRIEL CASTEJÓN, JUEZ, demandado.

No. 560.—*Resuelto:* Abril 29, 1927.

APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—DEFECTOS, OBJECIONES, ENMIENDAS Y CORRECCIÓN—TÉRMINO PARA ENMENDAR U OBJETAR CONTRA EL RÉCORD—EN GENERAL.—Presentada solicitud para que se eleve cierta prueba aducida en la corte inferior después de haberse procedido de acuerdo con los autos a la vista y ya resuelta la petición de *certiorari,* no procede alterar dichos autos a los efectos de una apelación interpuesta a la Corte de Circuito de Apelaciones y menos cuando, al contestar, la parte que hace la solicitud notó la falta de tal prueba y no hizo entonces solicitud formal alguna para que aquélla se certificara.

MOCIÓN para que la Corte Suprema certifique, para ante la Corte de Circuito de Apelaciones, cierta prueba presentada en la corte inferior que jamás fué elevada al Supremo, ni incorporada a, ni hecha parte de los autos.—*Sin lugar.*

*Blondet & Campillo,* abogados de los demandados en el pleito principal y aquí apelantes.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Los apelantes en efecto solicitan de nosotros que certifiquemos para ante la Corte de Circuito de Apelaciones para

el Primer Circuito cierta prueba presentada en la corte inferior que jamás fué elevada a este Tribunal y que nunca fué incorporada a, o hecha parte de, los autos de la corte inferior. No sólo se nos solicita que certifiquemos tal prueba, sino que también se nos pide que ordenemos al taquígrafo de la corte de distrito que transcriba sus notas,—desde luego, con la aprobación de la corte inferior.

La Ley de marzo 10 de 1904 autorizando los recursos de certiorari, dispone como sigue:

"Sección 1. (Definición).. El auto de *certiorari* es un auto expedido por un tribunal superior a otro inferior, por el cual se exige del último la remisión al primero, de una copia certificada de las diligencias pendientes en el tribunal inferior o los autos de alguna causa ya terminada, en aquellos casos en que el procedimiento adoptado no esté de acuerdo con las prescripciones de la ley, y con objeto de terminar los procedimientos cuando el tribunal inferior rehusare hacerlo fundado en bases erróneas."

De acuerdo con esta ley, expedimos el auto de *certiorari* con fecha 15 de febrero de 1927. Si bien los apelantes en su contestación u oposición notaron la falta de tal prueba, ellos no solicitaron entonces de modo formal la certificación de la misma, ni hicieron formalmente la solicitud que ahora hacen. Se presentó y discutió la petición de *certiorari* sin hacerse tal solicitud formal. En verdad los apelantes insistieron en que esta corte no tenía autoridad para revocar la actuación de la corte inferior sin tener ante sí toda la prueba que indujo a la corte inferior, en el uso de su discreción, a nombrar un síndico. La petición era *post motam litem* en esta corte y fué presentada después de haberse discutido el recurso de *certiorari*. Nada de lo que hagamos ahora puede reconstruir los autos que estuvieron ante esta corte.

El auto de *certiorari* requiere que se nos envíen copias certificadas, y necesariamente sólo pueden elevarse aquellos documentos que son copias de algo que ya existía.

Quizás en un caso adecuado, de una exposición del caso radicada posteriormente en la corte inferior podría certifi-

carse una copia para ante este tribunal, especialmente si esta corte, informada de su existencia, así lo ordena.

La actuación de esta corte necesariamente sólo podía girar sobre el derecho de la corte inferior a nombrar un síndico bajo las condiciones presentadas por los autos. El recurso de *certiorari,* al igual que el recurso de error o la excepción previa, investiga los autos para determinar si la corte estaba autorizada, de acuerdo con la ley, a dictar la orden que en realidad dictó. La cuestión que esta corte tenía que resolver era si dada la naturaleza del litigio y los derechos de las partes respectivas, la corte inferior tenía poder o autoridad para nombrar un síndico.

Los apelantes indican que la prueba solicitada es necesaria para demostrar que la corte ejerció debidamente su discreción. Nuestra teoría fué que la corte no tenía poder o autoridad para nombrar un síndico, y que por consiguiente no había cuestión alguna de discreción envuelta.

Procedimos de acuerdo con los autos que teníamos a la vista, y en este estado del caso no pueden reconstruirse los autos. Tomamos en consideración lo que nos fué sometido. Si era necesario que tuviéramos ante nosotros otras constancias, las partes debieron haber hecho una moción al efecto o sugerido una corrección de autos, y no debieron haberse conformado meramente con decir en su oposición que no teníamos toda la prueba ante nosotros.

El caso está apelado y comprendemos que si la apelación prospera, no podemos ahora reconsiderar nuestra acción aunque estuviéramos dispuestos a hacerlo. Si la corte inferior tenía discreción y la prueba sometida la puso en condiciones de ejercer tal discreción de acuerdo con el estado de los autos ante ella, surgiría la presunción de que todo hecho congruente con la solicitud para el nombramiento de un síndico le fué sometido. El fundamento principal de nuestra decisión es que no podemos ahora alterar los autos que de hecho tuvimos bajo nuestra consideración.

*Debe declararse sin lugar la petición.*